# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 21-234

**MICHAEL CORMIER**

**VERSUS**

**KAITLYN CORMIER**

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 133400
HONORABLE LEWIS H. PITMAN, DISTRICT JUDGE

************

**SYLVIA R. COOKS**
**CHIEF JUDGE**
************

Court composed of Sylvia R. Cooks, Chief Judge, John E. Conery and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Alicia Johnson Butler**
**P.O. Box 9097**
**New Iberia, LA  70562**
**(337) 967-8487**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Michael Cormier**

**Scott Hawkins**
**913 South College Rd., Suite 260**
**Lafayette, LA 70503**
**(337) 210-8818**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Kaitlyn Cormier**

**COOKS, Chief Judge.**

The plaintiff, Michael Cormier, appeals the trial court's grant of the exception of lack of subject matter jurisdiction filed by his ex-wife, Kaitlyn' Cormier. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Michael and Kaitlyn Cormier were married on March 8, 2012. They had one child during their marriage, Khloe Cormier, who was born on March 23, 2012. There was a history of incidents of domestic violence against Kaitlyn. On more than one occasion Kaitlyn was granted a protective order against Michael stemming from alleged violent and abusive behavior. Specifically on December 4, 2018, after receiving evidence on this matter, the district court entered an order of protection pursuant to La.R.S. 46:2131 against Michael and in favor of Kaitlyn. That order of protection was to last through June 4, 2020, with certain provisions to be non-expiring, specifically the provisions not to harass, not to contact via a third party and not to go within two hundred feet.

On December 6, 2018, only two days after its issuance, Michael was arrested for violating the protective order. A "Gwen's Law" hearing was held on December 11, 2018, following which a $25,000.00 bond was fixed and Michael again was ordered to have no contact with his wife and child.[1] On January 12, 2019, Michael was arrested a second time for violating the protective order. These violations are still outstanding and have not been resolved.

On March 11, 2019, a consent judgment was entered into between Michael and Kaitlyn awarding sole custody of Khloe to Kaitlyn, and requiring Michael's

---

[1] Under "Gwen's Law," La.Code Crim.P. art. 313, the trial court is required to conduct a contradictory hearing to determine the feasibility of granting bail to a person arrested on domestic abuse charges. *State v. Poirier*, 18-467 (La.App. 3 Cir. 7/11/18), 251 So.3d 486. If the trial court finds that there is a likelihood that the defendant would inflict further harm, bail can be denied and the defendant would stay in jail until the case is heard in court. La.Code Crim.P. art. 313(A)(4).

access to Khloe be "coordinated and structured under the supervision and direction" of the mental health professionals treating Khloe and Michael. The Consent Judgment also provided a "permanent injunction shall issue herein, pursuant to [La.R.S.] 9:372, prohibiting and enjoining both of the parties from abusing, harassing, stalking, following or threatening each other."

On April 24, 2019, the Iberia Parish District Court granted a Judgment of Divorce pursuant to La.Civ.Code art. 103(5)[2] as well as an order of protection pursuant to La.R.S. 42:2131. The judgment of divorce also adopted the recommendations of the hearing officer (which were reflected in the March 11, 2019 Consent Judgment) as to ancillary issues, including the granting to Kaitlyn of sole custody of Khloe, with Michael allowed supervised visitation at the discretion of the mental health professionals. The judgment of divorce also decreed a "permanent injunction is issued pursuant to La.R.S. 9:372.1 against Michael Brandon Cormier, enjoining him and his agents from committing any form of harassment against Kaitlyn Marie Cormier."

In January 2020, Kaitlyn relocated to the state of Missouri. Despite this move, Kaitlyn alleged Michael continued to stalk and harass her and Khloe. As a result, Kaitlyn sought an order of protection in Missouri on February 27, 2020.

On February 18, 2020, in district court in Iberia Parish, Michael filed a "Motion for Civil Warrant, Modification for Custody to Sole Custody, Visitation, Child Support, Contempt, Request for Mental Health Evaluations and for Return of Community Vehicle." In response, Kaitlyn filed exceptions of insufficiency of citation and service of process, lack of subject matter jurisdiction, vagueness and ambiguity and no cause of action. A hearing was set on the exceptions. After

---

[2] Louisiana Civil Code Article 103(5) provides for a fault-based judgment of divorce when "after a contradictory hearing or consent decree, a protective order or an injunction was issued during the marriage against the other spouse to protect the spouse seeking a divorce or a child of one of the spouses from abuse."

accepting memoranda on the issues and hearing arguments from the parties, the trial court granted the exception of lack of subject matter jurisdiction and denied the remaining exceptions as moot. The trial court found because there was a valid order of protection issued pursuant to La.R.S. 9:372, Kaitlyn did not have to provide notification to Michael or the court to relocate Khloe from Louisiana to Missouri. Finding Kaitlyn and Khloe had lived in Missouri for six consecutive months, the trial court concluded Louisiana no longer had subject matter jurisdiction. This appeal followed. Michael contends the trial court erred in granting the exception of lack of subject matter jurisdiction. For the following reasons, we affirm the trial court's judgment.

## ANALYSIS

The facts are clear that a valid order of protection pursuant to La.R.S. 46:2131 was entered against Michael on December 4, 2018. That order of protection was to last through June 4, 2020, with certain provisions to be non-expiring, which included the provisions not to harass Kaitlyn, not to contact via a third party and not to go within two hundred feet of Kaitlyn.

On April 24, 2019, a judgment of divorce was rendered pursuant to La.Civ.Code art. 103(5). That judgment adopted the language of the prior Consent Judgment reciting that Kaitlyn was awarded sole custody of Khloe. Sole custody to Kaitlyn was mandated under the provisions of La.R.S. 9:364, which provides "no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children." An order of protection pursuant to La.R.S. 42:2131 was also issued in favor of Kaitlyn and against Michael.

The record also established Kaitlyn moved to Missouri in January of 2020. This relocation was the basis for Kaitlyn's argument that Louisiana no longer had subject matter jurisdiction to hear Michael's February 18, 2020 Motion. In the main, Michael argues that the relocation provisions set forth in La.R.S. 9:355.1, et seq.,

required Kaitlyn to get either Michael's permission or judicial approval to relocate to Missouri with Khloe. However, as the trial court noted, La.R.S. 9:355.2(d)(2) specifically provides "[t]his Subpart shall not apply when either of the following circumstances exist: . . . (2) There is in effect an order issued pursuant to Domestic Abuse Assistance, R.S. 46:2131, et seq." As set forth, an order of protection pursuant to La.R.S. 46:2131 was issued in favor of Kaitlyn and against Michael on December 4, 2018. That order was still in effect at the time of the relocation. Thus, Kaitlyn was not required to advise Michael of the move, nor seek judicial approval prior to relocation.

The next question before the trial court was whether Missouri, rather than Louisiana, had proper jurisdiction over the subject matter. Louisiana Revised Statutes 13:1814 provides in pertinent part:

> Except as otherwise provided in R.S. 13:1816, a court of this state which has made a child custody determination consistent with R.S. 13:1813 or 1815 has exclusive, continuing jurisdiction over the determination *until*:
>
> (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(Emphasis added.)

The trial court, in its oral reasons for judgment, found the facts established Louisiana's continuing jurisdiction was ended by the relocation of Kaitlyn and Khloe to Missouri. The trial court stated:

> By the pleadings of February 18, 2020 it is acknowledged that [Kaitlyn] is no longer living in the State of Louisiana[.] [B]y the protective order dated February 27, 2020[;] that outside state is recognized to be Missouri. Accordingly the child and at least one parent no longer has a significant connection to this state and that substantial evidence is no longer available in this state concerning the child's care, protection,

training, and personal relationship. As evidence[d] by the fact that the child and her mother have lived the past six consecutive months in the state of Missouri. Court finds it is compelled to follow R.S. 14 – R.S. 13:1814 and that the State of Louisiana no longer has subject matter jurisdiction in this case. Accordingly I grant the exception filed by [Kaitlyn] and find that the proper venue is not the State of Louisiana. . .

After considering the history of domestic abuse and the applicable statutes involved, we find no error in the trial court's conclusion that Louisiana no longer had subject matter jurisdiction in this case.

Finally, we note Michael is not without legal recourse in these matters. He has the right to argue his redemption and requests for modification in the appropriate court in Missouri. If a Missouri court determines a change in circumstances has occurred and it is in the child's best interests to have Michael play an increased role in her life, that court can issue an enforceable order to that effect.

## DECREE

For the foregoing reasons, the judgment of the district court granting Kaitlyn Cormier's exception of lack of subject matter jurisdiction is affirmed. All costs of this appeal are assessed against appellant, Michael Cormier.

**AFFIRMED.**